IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY HARRIS** : | |
| : | |
| v. : | |
| : | |
| **P/O JOSEPH SISCA** : | |
| **(BADGE No 9547)** : | **JURY TRIAL DEMANDED** |
| individually and as a Police Officer : | |
| for the City of Philadelphia; : | |
| : | **CIVIL ACTION No.** |
| **P/O ANGEL ORTIZ** : | |
| **(BADGE No 9556)** : | |
| individually and as a Police Officer : | |
| for the City of Philadelphia; : | |
| : | |
| **POLICE OFFICER JOHN DOES 1-25** : | |
| **(BADGE Nos. Presently Unknown)** : | |
| Individually and as Police Officers : | |
| for the City of Philadelphia; : | |
| : | |
| **POLICE OFFICER JANE DOES 1-25** : | |
| **(BADGE Nos. Presently Unknown)** : | |
| Individually and as Police Officers : | |
| for the City of Philadelphia; : | |
| : | |
| and : | |
| : | |
| **CITY OF PHILADELPHIA** : | |

## COMPLAINT

### Jurisdiction

1. Plaintiff brings this action pursuant to 42 United States Code § 1983. Jurisdiction is based upon 28 United States Code §§ 1331 and 1343 (a) (1), (3), and (4). Plaintiff further invokes supplemental jurisdiction under 28 United States Code § 1367 (a) to hear and decide claims under state law.

1

**Parties**

2. Plaintiff, Gregory Harris, is an adult male who was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant Police Officers are and were at all times relevant to this action Officers of the Philadelphia Police Department. They are being sued in their individual capacity and in their capacity as Officers of the City of Philadelphia's Police Department.

4. Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania that owns, operates, manages, directs and controls the City of Philadelphia Police Department.

**Facts**

5. During the fall semester of 2011, Plaintiff Gregory Harris was a Ph.D. student at the University of Pennsylvania. A student of Sociology, Mr. Harris had been studying the Occupy Philadelphia movement. Throughout the movement, he attended their general assemblies, spoke with members, and occasionally slept out with the members. In addition, Mr. Harris documented the movement with video and photographs.

6. On or about November 30, 2011, the Philadelphia Police Department began the eviction of the Occupy Philadelphia movement from City Hall.

7. That night, Mr. Harris received a call informing him of the eviction. He strapped photography equipment, including his camera tripod, to his back and hurried to the eviction scene to record what he believed would be night.

8. On arrival, Mr. Harris witnessed the police clearing members of Occupy Philadelphia

from City Hall. He followed a group of departing members along N. Broad Street. As he walked, Mr. Harris noticed a group of civilians lined up on the east side of Broad along the Convention Center wall. It appeared to Mr. Harris that these civilians were being detained and possibly arrested. In addition, Police had created a barrier against a crowd of Occupy Philadelphia members who were facing the detained civilians.

9. Mr. Harris moved quickly to set up his camera in the small space between the crowd of Occupy Philadelphia members and the line of police.

10. As he was setting up, Mr. Harris heard Defendant Officer Joseph Sisca order, "Move, I'm coming through." It was apparent that the officer intended to travel the space between the crowd and the police barricade.

11. Mr. Harris said that because he was sandwiched between the line of police and the protestors with his photographic equipment, he had nowhere to move.

12. Defendant Officer Sisca said that he was coming through whether Mr. Harris moved or not, and ran into Mr. Harris with his bike.

13. Later, Mr. Harris was walking with his back to Defendant Officer Sisca. Defendant Officer Sisca, without a prior verbal command or warning, tackled Mr. Harris from behind.

14. Plaintiff, who had not violated any laws of the Commonwealth of Pennsylvania or any other jurisdiction, was falsely arrested and arraigned on the following false charges:

    a. Aggravated Assault, pursuant to 18 Pa.C.S. § 2702(a)

    b. Riot-Intent to Commit a Felony, pursuant to 18 Pa.C.S. § 5501(1)

    c. Simple Assault, pursuant to 18 Pa.C.S. § 2701(a)

    d. Recklessly endangering another person, pursuant to 18 Pa.C.S. § 2705

    e. Resisting Arrest, pursuant to 18 Pa.C.S. §5104

15. The Defendant Officers gave false statements concerning the incident described in this complaint.

16. The Defendant Officers and other officers prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Plaintiff for the incident described in this complaint. Those misrepresentations included, but were not limited to:

    a. that Plaintiff permitted Defendant Officer Sisca to pass and then struck the officer in the face with his forearm when he tried to pass; and

    b. that Plaintiff tripped and fell instead of being tackled by defendant officers.

17. Defendant Officers were aware of exculpatory information about Plaintiff.

18. Defendant Officers failed to provide exculpatory information known to them to Plaintiff or his criminal counsel via police paperwork or any other means after his arrest.

19. The exculpatory information known to police that was not provided to Plaintiff included the real facts and circumstances of the incident.

20. The Defendant Officers, in anticipation of the charging of Plaintiff, misrepresented the events that led to the arrest of the Plaintiff. These misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to Plaintiff's rights.

21. Plaintiff obtained criminal counsel to represent him.

4

22. On or about December 15, 2011, after the preliminary hearing, all charges but the simple assault charge were dismissed due to lack of evidence.

23. On or about June 25, 2012, Mr. Harris was acquitted at trial of the simple assault charge.

24. As a direct and proximate result of the defendants' actions, Plaintiff Gregory Harris was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.  Plaintiff was similarly deprived of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

25. The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of the Plaintiff to freedom from use of excessive, unreasonable, and unjustified force against his person, the right to be free from malicious prosecution, and the right to due process of law.

26. All actions taken by the Defendants in this matter were taken under color of state law.

27. As a direct and proximate result of the actions and/or inactions of the Defendants in this matter, Plaintiff has suffered physical pain, loss of liberty, anxiety, fear, mental harm, and financial loss.

## COUNT I

### 42 U.S.C. § 1983 against Defendant Officers
*Excessive Force*

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

29. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers intentionally acted to cause a harmful and/or offensive contact with Plaintiff's persons and such actions were the actual and proximate cause of Plaintiff's harm.

## COUNT II

### Supplemental State Law Claim Against Defendant Officers
*Battery*

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they intentionally acted to cause a harmful and/or offensive contact with Plaintiff's person and such actions were the actual and proximate cause of Plaintiff's harm.

## COUNT III

### 42 U.S.C. § 1983 against Defendant Officers
*Assault*

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

33. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and Defendants' actions were the actual and proximate cause of Plaintiff's harm.

## COUNT IV

### Supplemental State Law Claim Against Defendant Officers
*Assault*

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and Defendants' actions were the actual and proximate cause of Plaintiff's harm.

## COUNT V

### 42 U.S.C. § 1983 against Defendant Officers
*Unlawful Arrest*

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers acted with the intent to arrest Plaintiff unlawfully, without probable cause, and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

## COUNT VI

### Supplemental State Law Claim Against Defendant Officers
*False Imprisonment*

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they acted with the intent to confine Plaintiff unlawfully and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

8

## COUNT VII

### 42 U.S.C. § 1983 against Defendant Officers
### *Unjustified Search*

40. Paragraphs 1 through 39 are incorporated herein by reference as though fully set forth.

41. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers performed two pat-downs of Plaintiff's body without reasonable suspicion that criminal activity was afoot or that he was armed and dangerous, or any other lawful justification.

## COUNT VIII

### 42 U.S.C. § 1983 against Defendant Officers
### *Malicious Prosecution*

42. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

43. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers seized and arrested Plaintiff, and instituted criminal proceedings against Plaintiff without probable cause and with malice. These proceedings terminated in favor of the Plaintiff. Defendants' conduct was the direct and proximate cause of Plaintiff's harm.

## COUNT IX

### Supplemental State Law Claim Against Defendant Officers
*Malicious Prosecution*

44. Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth.

45. Plaintiff was damaged and injured as set forth above by the Defendant Officers in that they instituted criminal proceedings against Plaintiff without probable cause and with malice. These proceedings were terminated in favor of the Plaintiff.

## COUNT X

### 42 U.S.C. § 1983 against Defendant Officers
*Conspiracy*

46. Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth.

47. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers, acting in concert and conspiracy, committed acts in violation of the Plaintiff's Constitutional Rights and against the laws of Pennsylvania. The Defendant Officers acted in conspiracy to violate the Plaintiff's Constitutional Rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of Plaintiff's harm.

## COUNT XI

**Supplemental State Law Claim Against Defendant Officers**
*Conspiracy*

48. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

49. Defendant Officers acting in concert and conspiracy, committed acts in violation of the Plaintiff's Constitutional Rights and against the laws of Pennsylvania. The Defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

## COUNT XII

**Supplemental State Law Claim Against Defendant Officers**
*Intentional Infliction of Emotional Distress*

50. Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth.

51. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they intentionally and/or recklessly caused Plaintiff severe emotional distress by their extreme and outrageous conduct.

## COUNT XIII

**Supplemental State Law Claim Against Defendant Officers**
*Negligent Infliction of Emotional Distress*

52. Paragraphs 1 through 51 are incorporated herein by reference as though fully set forth.

53. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they negligently caused Plaintiff severe emotional distress by their extreme and

outrageous conduct and where Plaintiff's emotional distress resulted in the manifestation of physical symptoms.

## COUNT XIV

### 42 U.S.C. § 1983 against Defendant City of Philadelphia
*Monell*

54. Paragraphs 1 through 53 are incorporated herein by reference as though fully set forth.

55. Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant City of Philadelphia's actions and omissions. Prior to November 30, 2013, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

56. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including actions such as excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

57. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or re-train against, and discipline against illegal police activity described in the preceding paragraph.

58. It was the policy and/or custom of The City of Philadelphia to inadequately supervise and train its Police Officers, including the Defendant Officers, against a code of silence or "blue code" of Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct

committed by their fellow Officers. Similarly, it was the policy and/or custom of Defendant City of Philadelphia to insufficiently supervise and train its Police Officers, including the Defendant Officers, against a code of acting in concert and conspiracy to accomplish their goals of engaging in constitutional violations.

59. As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

## DAMAGES

60. Paragraphs 1 through 59 are incorporated herein by reference as though fully set forth.

61. As a result of the above actions and claims, the Plaintiff demands judgment against all defendants in the amount of all damages, including:

   a. compensatory damages;

   b. punitive damages;

   c. interest;

   d. injunctive relief;

   e. such other relief as appears reasonable and just; and

   f. reasonable attorney fees and costs under 42 U.S.C. § 1988.

_____          _____
Lloyd Long III, Esq.                                    Lawrence S. Krasner

Date: November 22, 2013